UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JAMES E. BAKER,

    Defendant.

_____/

Case No. 1:05-CV-685

Hon. Richard Alan Enslen

**OPINION**

    This matter is before the Court on Plaintiff United States of America's Motion for Judgment on the administrative record against Defendant James E. Baker pursuant to the McNamara-O'Hara Service Contract Act of 1965. 41 U.S.C. §§ 351-58. Defendant has responded (through a letter to the Court) to the Motion and the Court believes oral argument will be of no assistance. W.D. MICH. LCIvR 7.2(d). For the reasons set forth below, the Court will grant Plaintiff's Motion.

**I.   BACKGROUND**

    On June 18, 1998, Plaintiff and Defendant executed a contract whereby Defendant agreed to provide mail transportation services to Plaintiff in exchange for a fee exceeding $2,500. Thus, because the parties' contract exceeded $2,500, the provisions of the Service Contract Act—which requires that a minimum wage and certain fringe benefits be provided to all employees servicing the contract—applied to their agreement. 41 U.S.C. § 351. On July 11, 2001, the United States Department of Labor ("DOL") brought an administrative complaint against Defendant pursuant to 41 U.S.C. § 353. The DOL's complaint charged Defendant with a failure to compensate his employees with a minimum wage. Defendant received the DOL's complaint on July 16, 2002.

On July, 24, 2002, the DOL's Administrative Law Judge ("ALJ") served notice upon the parties that this matter was docketed before him and directed Defendant to answer Plaintiff's administrative complaint within 30 days. Defendant did not timely answer the complaint. The notice also advised the parties that they may use a settlement judge to mediate their dispute if they were both amenable to that device. Both parties elected to use a settlement judge and Daniel J. Roketenetz was selected for the job. Roketenetz was unable to broker an accord, and the matter was referred back to the ALJ for a formal decision.

On November 4, 2002, the ALJ ordered the parties to advise him whether further efforts to mediate this dispute would facilitate resolution of this matter or to schedule a hearing before him. Defendant paid no heed to that order. Plaintiff then moved for default judgment against Defendant. On November 21, 2002, the ALJ ordered Defendant to show cause within ten days why default judgment should not be entered against him. On January 8, 2003, well beyond the ALJ's schedule to respond, Defendant answered Plaintiff's complaint and moved for relief from default judgment. The ALJ considered Defendant's motion as a response to his show cause order because default judgment had not been entered.

Even though Defendant's motion was untimely, the ALJ indulgently considered the merits advanced. Defendant apparently believed that because the parties chose to mediate their dispute before a settlement judge, that mechanism was the exclusive means for decision. The ALJ correctly rejected that assertion because a settlement judge is simply that, an ALJ (active or retired) who is assigned to the case to foster a settlement, but cannot independently issue a final decision of his own. *See* 29 C.F.R. § 18.9(e)(1). Any resolution produced by the settlement judge requires both parties' acquiescence. Thus, the ALJ found Defendant's reasons offered opposing default judgment were

insufficient and ordered Defendant to remit $21,907.90 to the DOL. The ALJ also ordered that $3,008.55 due and owing Defendant under the contract be withheld for disbursement to Defendant's employees by the DOL. 41 U.S.C. § 352(a). Plaintiff then brought this action to recover the remaining $18,899.53 in underpayments owed to Defendant's employees. *Id.* § 354(b).

## II.   STANDARD OF REVIEW

Under the Act, the Court reviews the ALJ's findings of fact against the preponderance of the evidence. *United States v. Todd*, 38 F.3d 277, 278 (6th Cir. 1994) (citing 41 U.S.C. §§ 39 & 353(a)). That is, if it appears more likely than not that the ALJ's decision finding a violation of the Act is supported by the evidence, the Court will not disturb that determination. *Elaine's Cleaning Serv. Inc. v. United States Dep't of Labor*, No. C-3-92-332, 1995 WL 1612534, at *2 (S.D. Ohio 1995) (citing *Am. Waste Removal Co. v. Donovan*, 748 F.2d 1406, 1408 (10th Cir. 1984)).

## III.   DISCUSSION

As a threshold matter, the Court is obliged to concur with the ALJ's determination that Defendant violated the Act. The DOL presented evidence before the ALJ which indicated that Defendant did not pay his employees the required wages under the Act. Furthermore, there is no evidence in the administrative record suggesting Defendant complied with the Act, and he has not advanced an acceptable reason to excuse his administrative default.

Turning to Defendant's objection letter, the Court will address what it perceives to be three different themes of opposition. (1) Defendant continues to obliquely discuss the failed settlement procedure. As discussed above, any argument proceeding down that avenue affords Defendant no relief because use of a settlement judge is voluntary. 29 C.F.R. § 18.9(e)(1). (2) Defendant believes he is entitled to a hearing in October. The Court observes that while it did issue a Case Management

Order scheduling a trial in October 2006, Plaintiff has filed a dispositive pre-trial motion, obviating (if granted) any need for the October 2006 trial.  (3) Defendant's final suggestion is that any procedural failings before the ALJ were his attorney's, and not his.  The Court notes, however, that the attorney-client relationship is one of agency, meaning the attorney is authorized to act on his client's behalf.  *Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962) (quoting *Smith v. Ayer*, 101 U.S. 320, 326 (1879)) ("each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'").  Thus, any representations, or in this case, omissions, made by his attorney are seen as Defendant's.  In short, Defendant has put forth no evidence from which the Court could possibly conclude that the ALJ's findings of fact and ultimate determination that Defendant violated the Act were erroneous.

### IV.   CONCLUSION

Therefore, the Court will grant Plaintiff United States of America's Motion for Judgment.  A Judgment consistent with this Opinion shall enter.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>June 29, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |